NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EBONE LEROY EAST, | No. 11-16991 |
| Plaintiff - Appellant, | D.C. No. 1:10-cv-01053-AWI-DLB |
| v. | |
| G. KABONIC, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief Judge, Presiding

Submitted June 26, 2012[**]

Before:    SCHROEDER, HAWKINS, and GOULD, Circuit Judges.

Former California state prisoner Ebone Leroy East appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging due

process and Eighth Amendment violations in connection with his short term

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

placement in a Behavior Management Unit ("BMU"). We have jurisdiction under 28 U.S.C. §1291. We review de novo a dismissal under 28 U.S.C. § 1915A(a). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). We may affirm on any ground supported by the record, *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008), and we affirm.

Dismissal of East's due process claim that he was placed in the BMU without a hearing under California Regulations was proper because the regulation does not create a liberty interest violated by his short term placement in the BMU. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995) (thirty day segregated confinement does "not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." (citations and internal quotation marks omitted)).

The district court properly dismissed East's Eighth Amendment claim because East failed to allege facts showing that prison officials deprived him of the "minimal civilized measure of life's necessities," or acted with deliberate

indifference to a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994) (citation and internal quotation marks omitted).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**